Eastern District of Kentucky
FILED

NOV 10 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:24-CR-84-S-KKC**

**UNITED STATES OF AMERICA**                              **PLAINTIFF**

**V.**                          **PLEA AGREEMENT**

**MICHAEL S. SMITHA**                              **DEFENDANT**

\* \* \* \* \*

1.      Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Superseding Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute Schedule II controlled substances; and Counts 2 - 6 of the Superseding Indictment, charging a violation of 21 U.S.C. § 841(a)(1), distribution of 5 grams or more of a mixture or substance containing a detectable amount of methamphetamine (actual). At sentencing the United States will dismiss Counts 7, 8, and 9 of the Superseding Indictment and the Indictment.

2.      The essential elements of Count 1 of the Superseding Indictment are:

(a)     That two or more persons conspired or agreed to distribute Schedule II controlled substances;

(b)     That at some time during the existence of the agreement, the Defendant knew the purpose of the agreement, and then deliberately joined the agreement;

(c)     That the substances were in fact methamphetamine and fentanyl; and

(d)    That the amount of substances was 5 grams or more of methamphetamine and a mixture or substance containing a detectable amount of fentanyl.

3.    The essential elements of Counts 2 – 6 of the Superseding Indictment are:

(a)    That the Defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, under federal law; and

(b)    That the substance was in fact methamphetamine, a controlled substance; and

(c)    That the amount of methamphetamine was 5 grams or more.

4.    As to the Superseding Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a)    In December 2023, officers with the Gateway Area Drug Task Force received information that Michael A. Smitha was distributing quantities of methamphetamine and fentanyl in the Central Kentucky area. ATF joined the investigation, and a confidential source was utilized to make controlled purchases from Smitha.

(b)    On December 29, 2023, a controlled purchase was conducted between the confidential source and the Defendant. The controlled purchase occurred on Saint Phillip Drive, in Fayette County, in the Eastern District of Kentucky. The confidential source purchased a quantity of fentanyl and methamphetamine from the Defendant. The substances were submitted to the KSP laboratory for testing and found to contain 13.500 grams of fentanyl and 14.6 grams of methamphetamine. The methamphetamine was then submitted to the DEA laboratory for purity analysis and was found to contain 13.37 grams of actual methamphetamine.

(c)    On January 17, 2024, a controlled purchase was conducted between the confidential source and the Defendant. The controlled purchase occurred on Will Fant Drive, in Fayette County, in the Eastern District of Kentucky. The confidential source met with a female known to the Defendant and she took the confidential source to an apartment where the Defendant was located. The

confidential source then purchased a quantity of fentanyl and methamphetamine from the Defendant. The suspected methamphetamine was submitted to the DEA laboratory for analysis and was found to contain 19.55 grams of actual methamphetamine. The suspected 8 grams of fentanyl has not been submitted for testing.

(d)    On March 13, 2024, a controlled purchase was arranged between the confidential source and Smitha. The controlled purchase occurred at the Red Roof Inn on Glenn Place, in Fayette County, in the Eastern District of Kentucky. At the direction of the Defendant, the confidential source went to Room F where he/she was let in by a female known to the Defendant. The confidential source purchased a quantity of fentanyl and methamphetamine from the female. The substances were submitted to the KSP laboratory for testing and found to contain 3.781 grams of fentanyl and 28.067 grams of methamphetamine. The methamphetamine was then submitted to the DEA laboratory for purity analysis and was found to contain 27.5 grams of actual methamphetamine.

(e)    On April 3, 2024, a controlled purchase was conducted between the confidential source and the Defendant. The controlled purchase occurred at the Red Roof Inn on Glenn Place, in Fayette County, in the Eastern District of Kentucky. The confidential source purchased a quantity of fentanyl and methamphetamine from the Defendant. The methamphetamine was submitted to the DEA laboratory for analysis and was found to contain 11.78 grams of actual methamphetamine. The suspected 1.5 grams of fentanyl has not been submitted for analysis.

(f)    On April 10, 2024, a controlled purchase was conducted between the confidential source and the Defendant. The controlled purchase occurred on Marcellus Road, in Fayette County, in the Eastern District of Kentucky. The confidential source purchased a quantity of fentanyl and methamphetamine the Defendant. The methamphetamine was submitted to the DEA laboratory for analysis and was found to contain 13.53 grams of actual methamphetamine. The suspected 2.5 grams of fentanyl has not been submitted for analysis.

(g)    On May 9, 2024, a controlled purchase was conducted between the confidential source and the Defendant. The controlled purchase occurred at the Super 8 Hotel on Buena Vista, in Fayette County, in the Eastern District of Kentucky. The confidential source purchased a quantity of fentanyl and methamphetamine. The methamphetamine was submitted to the DEA laboratory for analysis and was found to contain 6.92 grams of actual methamphetamine. The suspected fentanyl has not been submitted for analysis. The Defendant admits that he possessed a firearm.

(h)     The Defendant admits that he knowingly and intentionally conspired with one or more persons to distribute Schedule II controlled substances and that he knew the substances distributed were controlled substances.

(i)     The Defendant admits he has a final serious drug felony, namely, Conspiracy to Distribute Oxycodone, by final judgement of the United States District Court, Eastern District of Kentucky, case number 5:13-CR-109-KKC, in May 2014, for which he served more than 12 months imprisonment and his release from imprisonment was within 15 years of the commencement of the instant offense.

5.     The enhanced statutory punishment for Counts 1 – 6 of the Superseding Indictment is imprisonment for not less than 10 years and not more than life imprisonment, a fine of not more than $8,000,000, and a term of supervised release of at least 8 years. The Defendant is subject to the enhanced statutory punishment because he has a prior serious drug felony for Conspiracy to Distribute Oxycodone, by final judgment of the United States District Court, Eastern District of Kentucky, case number 5:13-CR-109-KKC, in May, 2014, for which he served more than 12 months imprisonment and his release from imprisonment was within 15 years of the commencement of the instant offense.

A mandatory special assessment of $100 for each count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6.     The Defendant further acknowledges, agrees, and waives any further notice pursuant to 21 U.S.C. § 851, which was filed by the United States (DE 12), and stipulates that he has previously been convicted for Conspiracy to Distribute Oxycodone, by final judgment of the United States District Court, Eastern District of Kentucky, case number

5:13-CR-109-KKC, in May 2014. The Defendant further acknowledges and agrees that

he served more than 12 months imprisonment, and his release was within 15 years of the

commencement of the offense to which he is pleading guilty.

7.     Pursuant to Rule 11(c)(1)(B), the United States and the Defendant

recommend the following sentencing guidelines calculations, and they may object to or

argue in favor of other calculations.  This recommendation does not bind the Court.

     (a)     The United States Sentencing Guidelines (U.S.S.G.) in effect at the
time of sentencing will determine the Defendant's guidelines range.

     (b)     Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct
includes the facts set forth in paragraph 5 and all provided discovery materials.

     (c)     Pursuant to U.S.S.G. § 2D1.1(c)(5), the base offense level for counts
1 – 6 is 30 because the relevant converted drug quantity is at least 1,000 KG but
less than 3,000 KG.

     (d)     Pursuant to U.S.S.G. § 2D1.1(b)(1), the base offense levels for counts
1 – 6 is increased by 2 levels because a dangerous weapon was possessed.

     (e)     Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits
another crime, obstructs justice, or violates a court order, decrease the offense level
by 2 levels for the Defendant's acceptance of responsibility.  If the offense level
determined prior to this 2-level decrease is level 16 or greater, the United States will
move at sentencing to decrease the offense level by 1 additional level based on the
Defendant's timely notice of intent to plead guilty.

8.     No agreement exists about the Defendant's criminal history category

pursuant to U.S.S.G. Chapter 4.

9.     The Defendant will not file a motion for a decrease in the offense level based

on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to

U.S.S.G. Chapter 5, Parts H or K.

10.     The Defendant waives the right to appeal the guilty plea and ~~sentence.~~ *Conviction* The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the higher of the advisory sentencing guidelines range as determined by the Court at sentencing or the statutory minimum sentence.  Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11.     The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation and the Defendant's arrest, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12.     The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure.  Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement.  The Defendant will submit to an examination, which may be taken under oath and may include a polygraph

examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13.    The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the

Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's

financial obligations contained in the judgment of the Court.

14.    If the Defendant violates any part of this Agreement, the United States may

void this Agreement and seek an indictment for any violations of federal laws, and the

Defendant waives any right to challenge the initiation of additional federal charges.

15.    This document contains the complete and only Plea Agreement between the

United States Attorney for the Eastern District of Kentucky and the Defendant. The United

States has not made any other promises to the Defendant.

16.    This Agreement does not bind the United States Attorney's Offices in other

districts, or any other federal, state, or local prosecuting authorities.

17.    The Defendant and the Defendant's attorney acknowledge that the Defendant

understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is

voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 11/10/2025        By: _____
                            Cynthia T. Rieker
                            Assistant United States Attorney

Date: 11-10-2025         _____
                            Michael S. Smitha
                            Defendant

Date: 11 | 10 | 25 _____

_____
Chris Spedding
Attorney for Defendant